UNITED STATES DISTRICT COURT

Eastern District of Tennessee

FILED

1:26-cv-85-CEA-MJD    MAR 2 6 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

**Constance M Every**
Plaintiff,

v.

**CITY OF CHATTANOOGA, TENNESSEE; CHATTANOOGA POLICE DEPARTMENT; OFFICER Andrew Doub #349; OFFICER Hunter Morgan #973**
Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this claim occurred within this district.

### II. PARTIES

1. Plaintiff, Constance M Every, is a resident of Chattanooga, TN.

2. Defendant City of Chattanooga, Tennessee, is a municipal entity responsible for the policies, practices, and customs of the Chattanooga Police Department.

3. Defendant Chattanooga Police Department is a law enforcement agency operating under the authority of the City of Chattanooga.

4. Defendant OFFICER Andrew Doub #349 is a police officer employed by the Chattanooga Police Department and acted under color of state law.

5. Defendant OFFICER Hunter Morgan #973 / SUPERVISOR is a supervising officer employed by the Chattanooga Police Department and acted under color of state law.

### III. STATEMENT OF FACTS

1. On or about 3/23/26, Plaintiff stood alone on a public sidewalk in Chattanooga, Tennessee, holding a sign expressing a boycott message regarding a business.

2. Plaintiff was peacefully engaging in expressive activity protected by the First Amendment.

3. Plaintiff did not obstruct pedestrian traffic at any time.

4. Whenever pedestrians approached, Plaintiff moved or adjusted position to allow free passage without interference.

5. A police officer approached Plaintiff and ordered Plaintiff to leave the sidewalk.

6. The officer cited a Tennessee statute related to obstructing a passageway as justification for the order.

7. Despite citing that statute, Plaintiff was not in fact obstructing pedestrian traffic and remained able and willing to move freely to allow passage at all times.

8. During the interaction, the officer stated that Plaintiff needed to move because the business owner did not want Plaintiff standing in front of the business.

9. The officer further indicated that the business owner had called the police to have Plaintiff removed.

10. The officer did not identify any actual instance in which Plaintiff blocked or impeded pedestrian movement.

11. Plaintiff again did not obstruct pedestrian traffic and allowed all pedestrians to pass without interference.

12. Plaintiff had previously contacted the Chattanooga City Government and was informed that no permit was required for a single individual holding a sign.

13. Plaintiff relied on that information in exercising their constitutional rights.

14. On or about 3/24/26, Plaintiff contacted Internal Affairs for the Chattanooga Police Department regarding the prior incident, and Internal Affairs indicated the matter could be resolved through communication with a supervising officer.

15. Plaintiff then spoke with a supervising officer by phone regarding the situation.

16. The supervising officer stated that Plaintiff was asked to leave the sidewalk, not because Plaintiff was obstructing pedestrian traffic, but because of the "size of the sidewalk."

17. The supervising officer did not cite any specific law, ordinance, or regulation establishing sidewalk size as a basis to prohibit Plaintiff's presence.

18. Other individuals and groups have been allowed to stand and protest on sidewalks in Chattanooga without being ordered to leave.

19. Defendants' actions were based, at least in part, on the preferences and request of a private business owner rather than lawful enforcement of any valid statute.

20. Defendants' actions were not content-neutral and were selectively enforced.

21. Defendants' actions caused Plaintiff to cease exercising their First Amendment rights out of fear of arrest or further confrontation.

## IV. CLAIMS FOR RELIEF

**LEGAL AUTHORITIES SUPPORTING CLAIMS**

Plaintiff's claims are supported by clearly established law, including but not limited to:

- Hague v. CIO, 307 U.S. 496 (1939) (public streets and sidewalks are traditional public forums for First Amendment activity).

- United States v. Grace, 461 U.S. 171 (1983) (peaceful expression on public sidewalks is protected).

- Ward v. Rock Against Racism, 491 U.S. 781 (1989) (time, place, and manner restrictions must be content-neutral and narrowly tailored).

- Papineau v. Parmley, 465 F.3d 46 (2d Cir. 2006) (police may not disperse peaceful demonstrators absent a clear and present danger).

- Cox v. Louisiana, 379 U.S. 536 (1965) (government may not apply statutes in a manner that suppresses lawful expression).

These authorities establish that Plaintiff's conduct was protected and that Defendants' actions were unlawful.

### COUNT I – FIRST AMENDMENT VIOLATION (42 U.S.C. § 1983)

1. Plaintiff incorporates all preceding paragraphs.

2. Plaintiff was engaged in protected speech in a traditional public forum.

3. Defendants, acting under color of state law, restricted Plaintiff's speech without lawful justification.

4. The restriction was not narrowly tailored to serve a significant government interest.

5. Defendants' actions were content-based or, alternatively, not applied in a content-neutral manner.

6. Defendants acted, at least in part, in response to a private business owner's request to remove Plaintiff from a public sidewalk.

7. Enforcement of a private party's preference in a traditional public forum violates clearly established First Amendment protections.

8. As a direct and proximate result, Plaintiff suffered deprivation of constitutional rights.

**COUNT II – FOURTEENTH AMENDMENT (EQUAL PROTECTION)**

1. Plaintiff incorporates all preceding paragraphs.

2. Defendants selectively enforced rules against Plaintiff while allowing similarly situated individuals to engage in the same conduct.

3. This selective enforcement lacked a rational basis and was motivated by impermissible considerations.

**V. DAMAGES**

1. Plaintiff suffered emotional distress, humiliation, fear of arrest, and deprivation of constitutional rights.

2. Plaintiff is entitled to compensatory damages in the amount of $1,000,000 or such amount as proven at trial.

3. Plaintiff is entitled to punitive damages against individual defendants for their willful and reckless disregard of Plaintiff's constitutional rights.

4. Plaintiff is entitled to nominal damages even if no substantial monetary loss is proven.

**VI. INJUNCTIVE RELIEF**

1. Plaintiff seeks an injunction preventing Defendants from interfering with lawful First Amendment activity on public sidewalks.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated Plaintiff's constitutional rights;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against individual defendants;

D. Grant injunctive relief preventing future violations;

E. Award costs and any other relief the Court deems just and proper.

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Constance M Every

4050 Blue Water Circle, Chattanooga, TN 37415

(865) 405-1206

tn4every1@gmail.com

(Pro Se Plaintiff)