**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CONSTANCE M. EVERY,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF CHATTANOOGA, TENNESSEE, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-85<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**ORDER**

On August 3, 2026, United States Magistrate Judge Michael J. Dumitru filed a Report and Recommendation [Doc. 13] pursuant to 28 U.S.C. § 636 and the Rules of this Court. The Magistrate Judge recommends that Plaintiff's first and second Motions to Proceed *in forma pauperis* [Docs. 1, 11] be denied. [Doc. 13]. The Magistrate Judge further recommends that Plaintiff should be given fourteen days to pay the filing fee in full, and if she does not, her case be dismissed and her Motion for Leave to File a Second Amended Complaint [Doc. 14] denied as moot. Plaintiff has filed objections to the Report and Recommendation.[1] [Doc. 5]. The Court has reviewed the Report and Recommendation considering the filed objections[2], as well as the record, and agrees with Magistrate Judge Dumitru's well-reasoned conclusions.

---

[1] Magistrate Judge Dumitru advised that the parties had 14 days in which to object to the Report and Recommendation and that failure to do so would waive any right to appeal. [Doc. 13 at 2 n.2]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

[2] It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and

As the Magistrate Judge correctly noted, Plaintiff's second IFP application [Doc. 11] indicates that her monthly income totals $5,255.52, which includes $1,317.00/month in Social Security Disability benefits, and $3,938.52/month in benefits from the United States Department of Veteran Affairs. Plaintiff's monthly expenses, including her rent, car note, and other expenses, total $4,038.74. Based on that information, the Magistrate Judge concluded that Plaintiff is able to pay the filing fee while still being "able to provide [her]self and dependents with the necessitates of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Plaintiff has filed three objections to the Report and Recommendation. The Court will analyze each in turn.

In her first objection, Plaintiff argues that the mathematical difference between her income and recurring expenses does not accurately reflect her present ability to pay the fee. She contends that her IFP application failed to account for additional expenses arising from a May 29, 2026, traffic accident that totaled her vehicle. [Doc. 14]. Although the vehicle was declared a total loss, Plaintiff explains that she remains responsible for a $758.89 monthly loan payment and a $366.45 monthly insurance payment. She also represents that she now spends approximately $500 per month on necessary replacement transportation and has incurred approximately $17,433.84 in accident-related medical expenses, which continue to increase. [*Id.*].

Plaintiff, however, filed her second IFP application on July 27, 2026—nearly two months after the accident. [Doc. 11]. She therefore had an opportunity to include any accident-related

---

recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

expenses in that application. And it appears that she did. The application lists the $758.89 monthly car payment and $366.45 monthly insurance payment. [Doc. 11 at 7]. It also provides for a $500 monthly gasoline expense, which would now reflect the money spent for her transportation costs. [*Id.*]. Thus, the expenses Plaintiff identified as having arisen from the accident appear to have already been accounted for in her second IFP application.

The only expense not clearly reflected in the application is Plaintiff's purported medical expenses. But Plaintiff does not identify how much she pays each month toward those expenses. According to her second IFP application [Doc. 11], Plaintiff's monthly income exceeds her reported monthly expenses by $1,216.78. Even assuming that figure does not account for her medical expenses, Plaintiff has not shown that those expenses reduce her available income to the point that she cannot pay the filing fee while still providing for the necessities of life. And Courts have denied IFP status in instances where income and asserts where less than those shown in Plaintiff's application. *See Thomas v. Comm'r of Soc. Sec.*, No. 5:19CV2932, 2020 U.S. Dist. LEXIS 57805, at *4–5 (N.D. Ohio Jan. 9, 2020) (collecting cases). Thus, the Court finds that, after considering Plaintiff's additional purported expenses, she is still able to afford the filing fee while being "able to provide [her]self and dependents with the necessitates of life." *Adkins*, 335 U.S. at 339 (1948) (internal quotation marks omitted).

Plaintiff's second objection is that the Magistrate Judge failed to consider that she has filed a separate civil-rights action in this Court and may therefore be required to pay a filing fee in both cases. [Doc. 14 at 3]. But accepting that argument would lead to an odd result: a litigant could establish indigency simply by filing enough lawsuits to increase her potential filing-fee obligations. The Court is unaware of any cases where a plaintiff who could afford the filing fee was nevertheless entitled to proceed in forma pauperis merely because she had filed multiple

lawsuits. The Magistrate Judge properly considered Plaintiff's reported income and monthly expenses, and the Court agrees that Plaintiff has the ability to pay the filing in this case. As is the case for all litigants, Plaintiff must "'weigh the financial constraints posed by pursuing her complaint against the merits of her claims'" and make the difficult decision of whether she wants to procced with litigation irrespective of the costs. *Thomas*, 2020 U.S. Dist. LEXIS 57805 at *4 (internal citation omitted).

Finally, Plaintiff requests that if the Court concludes that she is not entitled to IFP status, she should be permitted a "partial prepayment or staggered payment arrangement." [Doc. 14 at 3–4]. However, although prisoners are permitted to pay the fee over time under 28 U.S.C. § 1915(a), courts have found that "[n]on-prisoners are not given that option in the statute." *Pillow v. Blommel*, No. 3:25-cv-00075, 2025 U.S. Dist. LEXIS 163599, at *2 (Aug. 22, 2025). Plaintiff cites to *Samarripa v. Ormond*, 917 F.3d 515, 519–22 (6th Cir. 2019), for the proposition that § 1915(a) gives federal courts discretion to permit partial payment of the filing fee, but that case involved federal prisoners who filed petitions for a writ of habeas corpus under 28 U.S.C. § 2241. It did not address non-prisoner litigants seeking IFP status. And, even if § 1915(a) did give district courts discretion to permit a modified payment plan, the Court declines to do so here. As the Court has already found, Plaintiff has the ability to pay the filing fee based on the information in the record. The Court sees no reason to depart from the general rule that a litigant must pay the filing fee in one payment.

Accordingly, Plaintiff's Objections are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dumitru's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 13]. Plaintiff's first and second Motions for Leave to Proceed *in forma pauperis* [Docs. 1, 11] are **DENIED**. Plaintiff **SHALL** pay the full filing fee to the Court

**on or before October 9, 2026**. If Plaintiff fails to pay the full filing fee by this date, the Court will dismiss this action and deny as moot her Motion for Leave to File a Second Amended Complaint [Doc. 12].

**SO ORDERED**.

*/s Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**